UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WAYNE MICHAEL TERRIO, *Plaintiff* v. PHILLIPS 66 COMPANY, ET AL., *Defendants* | CIVIL ACTION NO. 2:22-cv-00924 JUDGE SARAH S. VANCE MAG. JUDGE DONNA CURRAULT |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS'
RE-URGED PARTIAL MOTION TO DISMISS**

Plaintiff Wayne Michael Terrio, through undersigned counsel, respectfully submits this Memorandum in Opposition to Defendants' Re-Urged Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), R. Doc. 21 (hereinafter "Motion to Dismiss"):

**I.   INTRODUCTION**

Defendants Phillips 66 ("P66"), Phillips 66 Company ("P66 Company"), and Ann Janson (collectively "Defendants") seek to dismiss all of Mr. Terrio's claims arising under the Family and Medical Leave Act ("FMLA"). R. Doc. 21 at 9-13. Next, Defendant Janson, the Human Resources Manager who repeatedly targeted Mr. Terrio, asks to be dismissed from the suit altogether based on the single argument that if the other Defendants are not liable under the FMLA, neither is she. R. Doc. 21 at 13. Finally, Defendants seek the dismissal of any "standalone ADEA, ADA, or RA discrimination/retaliation claims based on [Mr. Terrio's] alleged discipline." R. Doc. 21 at 15. However, as detailed herein, Defendants' Motion to Dismiss ignores many of the detailed factual allegations pleaded in Mr. Terrio's First Amended Complaint, R. Doc. 20, and blatantly

misconstrues Mr. Terrio's claims . Moreover, Defendants' arguments and allegations make it clear that there are myriad of factual questions at issue which cannot be resolved before the parties have exchanged any discovery. Accordingly, Defendants' Motion to Dismiss should be denied.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff's complaint to contain "a short and plain statement … showing that the [plaintiff] is entitled to relief" on each claim alleged therein. Before filing an answer, a defendant may move to dismiss some or all of the plaintiff's claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. A plaintiff's allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see also Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 305 (5th Cir. 2020) ("The factual allegations need not be detailed, but they must be enough to raise a right to relief above the speculative level, assuming all the allegations are true.")

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). As such, when considering a Rule 12(b)(6) motion to dismiss, the court must "liberally construe the complaint in favor of the plaintiff and accept all well-pleaded factual allegations as true." *Colony*

*Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). The court must "resolve doubts as to the sufficiency of the claim in plaintiffs' favor." *McLachlan v. N.Y. Life Ins. Co.*, No. 05-0052, 2006 U.S. Dist. LEXIS 15499, at *3 (E.D. La. Apr. 3, 2006). Dismissal of a claim pursuant to Fed. R. Civ. P. 12(b)(6) "is inappropriate unless the pleadings on their face reveal beyond doubt that the plaintiffs can prove no set of facts that would entitle them to relief. A court should therefore dismiss a case only if an affirmative defense or other bar to relief appears on the face of the complaint." *Garrett v. Commonwealth Mortg. Corp.*, 938 F.2d 591, 594 (5th Cir. 1991) (internal citations omitted). In short, granting a Rule 12(b)(6) "is typically warranted only if it appears certain that the plaintiff[] cannot prove any set of facts in support of their claim that would entitle them to relief." *McLachlan v. N.Y. Life Ins. Co.*, No. 05-0052, 2006 U.S. Dist. LEXIS 15499, at *3 (E.D. La. Apr. 3, 2006).

### III.  ARGUMENT

**A. Mr. Terrio's FMLA Claims Alleged in Count Six of the First Amended Complaint are Properly Pled and Should Not Be Dismissed.**

Defendants seek to dismiss Count Six of Mr. Terrio's First Amended Complaint, R. Doc. 20, which alleges that Defendants "willfully interfered with, restrained, and denied Mr. Terrio's exercise of his rights under the FMLA," R. Doc. 20 at 32, ¶ 163, and "willfully retaliated against Mr. Terrio for requesting FMLA leave and for complaining about Defendants' violations of his rights under the FMLA," R. Doc. 20 at 32, ¶ 164. The Defendants failed to comply with their "prescriptive obligation under the FMLA – [as] they must grant employees substantive rights guaranteed by the FMLA[,]" as well as their "proscriptive obligation – they may not penalize employees for exercising these rights." *Chaffin v. John H. Carter Co.*, 179 F.3d 316, 319 (5th Cir. 1999).

### *1. Mr. Terrio timely filed suit under the FMLA.*

Defendants allege that all of Mr. Terrio's FMLA claims are time barred, arguing that Mr. Terrio only had two years to file suit on his FMLA claims. *See* R. Doc. 21-1 at 9-11. However, while an FMLA claim generally must be brought within two years of "the last event constituting the alleged violation," 29 U.S.C. § 2617(c)(1), this statute of limitations is expressly extended to three years if the plaintiff alleges such violation was willful pursuant to 29 U.S.C. § 2617(c)(2). Accordingly, a claim alleging that a defendant <u>*willfully*</u> violated the FMLA should only be dismissed for untimeliness if it is clear on the face of the complaint that all of the events constituting the alleged violation fall outside the three-year time period set forth in 29 U.S.C. § 2617(c)(2). *Jaso v. Coca Cola Co.*, 435 F. App'x 346, 351 (5th Cir. 2011); *see also, e.g., Castro v. Taco Venture VII LLC,* Civil Action No. 3:19-CV-2058-N, 2020 U.S. Dist. LEXIS 264505, at *3-4 (N.D. Tex. May 26, 2020) (denying defendant's motion to dismiss Plaintiff Castro's FMLA claims as time-barred because "the relevant question is whether Castro sufficiently pled that [individual defendant] White acted willfully . . . [and] Castro alleged enough to support a claim that White acted willfully when violating the [] FMLA"); *Rice v. Interactive Learning Sys.,* No. 3:07-CV-0725-G ECF, 2007 U.S. Dist. LEXIS 59043, at *4-5 (N.D. Tex. Aug. 10, 2007) ("While the court can consider a statute of limitations argument on a Rule 12(b)(6) motion to dismiss, such motion cannot be granted unless the limitations defense is clear on the face of the complaint . . . . [T]here is no affirmative duty on the plaintiffs to plead facts in their complaint necessary to defeat a statute of limitations defense. Because the limitations defense is not clear on the face of the complaint, the motion to dismiss is denied.").

Defendants continue to argue that Mr. Terrio "did not and cannot" claim that Defendants willfully violated the FMLA and that he "has not pleaded any specific facts to support application of the three-year FMLA statute of limitations to his termination." R. Doc. 21-1 at 11; *see also* R.

Doc. 13-1 at 9-10 (Defendants' Memorandum in Support of their initial Partial Motion to Dismiss). On the contrary, Mr. Terrio's First Amended Complaint specifically alleges that Defendants "willfully interfered with, restrained, and denied Mr. Terrio's exercise of his rights under the FMLA and its implementing regulations." R. Doc. 20 at 32, ¶ 164. Further, Mr. Terrio specifically pled ample facts that, accepted as true, show Defendants' violations of the FMLA were willful because Defendants "'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute.'" *Henson v. Bell Helicopter Textron, Inc.*, 128 F. App'x 387, 393 (5th Cir. 2005) (*quoting Hillstrom v. Best Western TLC Hotel*, 354 F.3d 27, 33 (1st Cir. 2003)). Here, Mr. Terrio's allegations describe numerous instances where Defendants showed reckless disregard for his rights under the FMLA, including improperly recording and altering documentation regarding Mr. Terrio's approved FMLA leave and his requests to utilize the same, *see* R. Doc. 20 at ¶¶ 35, 39, and 62 – 54; and Defendant Janson hiring a private investigator to follow Mr. Terrio because he requested to use his intermittent FMLA leave to attend a doctor's appointment for his medical conditions, *see* R. Doc. 20 at ¶¶ 42-52. Defendant Janson even told Mr. Terrio and his supervisors that she wanted Mr. Terrio to be fired. *See* R. Doc. 20 at ¶¶ 69, 71, and 77. Further, Mr. Terrio alleged that Defendants willfully interfered with the rights of other employees who requested protected FMLA leave, *see* R. Doc. 20 at ¶¶ 95, 106-107, whereas employees who did not require FMLA leave were treated far more favorably in identical circumstances. *See* R. Doc. 20 at ¶¶ 51, 55, 75, 106.

Mr. Terrio pleaded numerous facts plausibly showing that in the three years before filing suit, Defendants continued to interfere with his exercise of FMLA rights that he was entitled to take, resulting in him refraining from exercising his right to take leave from April 2018 until his termination in February 2020. *See* R. Doc. 20 at ¶¶ 63-75, 88-96. Further, Mr. Terrio's First

Amended Complaint details numerous instances where Defendants retaliated against him for complaining about FMLA interference well beyond April 2018, up until the termination of his employment in February 2020. *See Hunt v. Rapides Healthcare Sys. LLC*, 277 F.3d 757, 768-69 (5th Cir. 2001) ("The FMLA's protection against retaliation is not limited to periods in which an employee is on FMLA leave, but encompasses the employer's conduct both during and after the employee's FMLA leave."). Taking these allegations as true, as required when considering a Rule 12(b)(6) motion to dismiss, *see Colony Ins. Co.*, 647 F.3d at 252, Mr. Terrio has stated a plausible claim that Defendants willfully violated the FMLA, and the three-year statute of limitations for willful FMLA violations set forth in 29 U.S.C. § 2617(c)(2) applies to Mr. Terrio's FMLA causes of action.

### 2. *Mr. Terrio alleged a plausible claim of interference, restraint, and denial of his FMLA rights in his First Amended Complaint.*

Pursuant to 29 U.S.C. § 2515(a)(1), it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" to an employee by the FMLA. 29 U.S.C. § 2515(a)(1). To establish a *prima facie* case of interference under the FMLA, Mr. Terrio must show: (1) he was an eligible employee; (2) his employer was subject to FMLA requirements; (3) he was entitled to leave; (4) he gave proper notice of his intention to take FMLA leave; and (5) his employer denied him the benefits to which he was entitled under the FMLA. *Caldwell v. KHOU-TV*, 850 F.3d 237, 245 (5th Cir. 2017).

None of the Defendants argue that Mr. Terrio failed to adequately plead most elements of his FMLA claim, including that he was an eligible employee under the FMLA, that Defendants were subject to the requirements of the FMLA, or that Mr. Terrio was entitled to request and receive FMLA leave, as all alleged in the First Amended Complaint. *See* R. Doc. 20 at p. 30, ¶ 150 – p. 32, ¶ 167. Moreover, Defendants do not deny that Mr. Terrio properly pleaded that he

requested FMLA leave during his employment, that Mr. Terrio provided Defendants, including Defendant Ann Janson, with notice of his intention to seek FMLA leave, or that Defendants improperly denied at least one of Mr. Terrio's requests for FMLA leave, which was only corrected after Mr. Terrio repeatedly complained to Defendants' corporate Absence Management and Defendant Ann Janson. *See* R. Doc. 21-1 at ¶¶ 18-75 and p. 30, ¶ 150 – p. 32, ¶ 167.

Defendants instead request dismissal of the entire claim based on the argument that Mr. Terrio's claim is time-barred, arguing that "[t]he most recent acts Plaintiff alleges that could even arguably be considered FMLA-protected activity or purported resulting interference/denial occurred in early 2018," R. Doc. 21-1 at 10, referring to the last formal request Mr. Terrio submitted for FMLA leave. Defendants allege that Mr. Terrio's failure to make any subsequent requests for protected leave under the FMLA "specifically foreclose the possibility of subsequent interference and/or denials" because he "stopped taking FMLA leave." R. Doc. 21-1 at 11. In other words, Defendants condition the viability of a claim of FMLA interference, restraint, or denial upon whether or not the employee specifically requested FMLA leave. However, Defendants foreclose their own argument by pointing to the FMLA's implementation regulations, *see* R. Doc. 21-1 at 10, which list numerous examples of employer conduct that constitute FMLA interference, restraint, or denial, even in the absence of an underlying request for FMLA leave:

> (b) . . . Interfering with the exercise of an employee's rights would include, for example, not only refusing to authorize FMLA leave, but discouraging an employee from using such leave. . . . .
>
> (c) The Act's prohibition against interference prohibits an employer from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise FMLA rights. For example . . . , employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions . . . .

29 C.F.R. § 825.220(b) – (c).

7

The FMLA expressly prohibits "[i]nterfering with the exercise of an employee's rights [which] include, for example, not only refusing to authorize FMLA leave, but discouraging an employee from using such leave." 29 C.F.R. § 825.220(b). To adequately plead an FMLA interference claim, the plaintiff need only "show that he was denied his entitlements under the FMLA, or, that an employer did not respect the employee's FMLA entitlements." *Bell v. Dall. Cty.*, 432 F. App'x 330, 334 (5th Cir. 2011). District courts within the Fifth Circuit have made it clear that a plaintiff's FMLA interference claim cannot be conditioned upon whether or not the plaintiff actually took FMLA leave. *See, e.g., Jones v. Children's Hosp.*, 58 F. Supp. 3d 656, 668-69 (E.D. La. 2014) (denying summary judgment regarding plaintiff's FMLA interference claim because "[t]he term 'interference with' includes not only refusing to authorize FMLA leave, but discouraging an employee from using such leave . . . [and] there is a genuine issue of material fact as to whether [individual defendant] Pierre discouraged [plaintiff] Jones from taking FMLA leave or, alternatively, from taking further FMLA leave"); *Hartman v. Lafourche Par. Hosp.*, 262 F. Supp. 3d 391, 396 (E.D. La. 2017) (denying summary judgment as to plaintiff's FMLA interference claims because plaintiff was disciplined after her request for FMLA leave was denied, and "[t]his disciplinary action was then taken into consideration as a 'history of work performance issues' when she was ultimately terminated . . . . Accordingly, this Court holds that there is a material issue of fact as to whether Plaintiff suffered prejudice when her second FMLA leave request was denied and specifically whether the 'write ups' that she alleges . . . contributed to her ultimate termination."); *Wood v. Gateway, Inc.*, Civil Action No. 5:03-CV-007-C, 2003 U.S. Dist. LEXIS 22576, at *25 (N.D. Tex. Dec. 12, 2003) (denying defendants' motion for summary judgment based on the contention that plaintiff "was never even on FMLA leave due to his failing to comply with administrative policies required to obtain approval for FMLA leave" because

8

plaintiff offered evidence showing that defendants "may have . . . not properly processed his leave request or assisted him as required by [company] policies" and that plaintiff "did on multiple occasions express his desire to exercise his FMLA rights.").

Here, as detailed above, Mr. Terrio's First Amendment Complaint alleges with specificity that from at least November 2015 until his termination on February 10, 2020, Defendants not only repeatedly discouraged Mr. Terrio from seeking FMLA leave, but also that Defendant Janson took blatant steps to intimidate Mr. Terrio into refraining from exercising his FMLA rights. *See* R. Doc. 20 at 31-32, ¶¶ 155 – 167. Specifically, Mr. Terrio pled that Defendant Janson imposed unwarranted discipline just days or weeks after Mr. Terrio requested to use his approved FMLA leave. *See* R. Doc. 20 at ¶¶ 27 – 32, 35 – 46, 53 – 55, 58 – 60, and 64 – 66.[1] When Mr. Terrio complained about Defendants' violations of his rights under the FMLA, he was merely subjected to further discipline, *see* R. Doc. 20 at ¶¶ 60, 69, and 73. Defendants even hired a private investigator to tail Mr. Terrio in his car to verify that he was at the doctor's office when he took FMLA leave. R. Doc. 20 at ¶¶ 42-52. Defendants repeatedly disciplined and targeted Mr. Terrio to stop him from taking future FMLA. Because of Defendant Janson's relentless retaliation against Mr. Terrio for requesting FMLA leave, he became too afraid to use his approved FMLA leave – even though he still needed to take it – as he feared that Defendant Janson would ensure that he was fired the next time he attempted to request FMLA leave. *See* R. Doc. 20 at ¶¶ 69-75, and 77-78. Defendant Janson also informed Mr. Terrio's supervisors that she wanted him fired. *See* R.

---

[1] Defendants repeatedly disciplined and targeted Mr. Terrio to stop him from taking future FMLA leave despite the FMLA's clear and unambiguous "prohibition against interference [which] prohibits an employer from discriminating or retaliating against an employee … for having exercised or attempted to exercise FMLA rights," which specifically provides that "employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions; nor can FMLA leave be counted under no fault attendance policies." 29 C.F.R. § 825.220(c).

Doc. 20 at ¶¶ 69, 71, and 77. After being stalked and disciplined, Mr. Terrio refrained from taking further necessary leave. *See* R. Doc. 20 at ¶¶ 63-75, 88-96.

### 3. *Mr. Terrio's FMLA retaliation claims should not be dismissed.*

In addition to restraint and interference, Count Six of the First Amended Complaint further alleges that Defendants "willfully retaliated against Mr. Terrio for requesting FMLA leave and for complaining about Defendants' violations of his rights under the FMLA." *Id.* at 32, ¶ 164. Defendants argue that these claims, too, should be dismissed at this early stage of the instant proceedings.

### a. *Mr. Terrio states a plausible claim for retaliation in violation of the FMLA in his First Amended Complaint.*

Pursuant to 29 U.S.C. § 2615(a)(2), it is "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful" by the FMLA. 29 U.S.C. § 2615(a)(2). To establish a *prima facie* case for FMLA discrimination or retaliation, Mr. Terrio must show that: "(1) he is protected under the FMLA; (2) he suffered an adverse employment decision; ***and either*** (3a) that [he] was treated less favorably than an employee who had not requested leave under the FMLA; ***or*** (3b) the adverse decision was made because of [his] request for leave." *Bocalbos v. Nat'l W. Life Ins. Co.*, 162 F.3d 379, 383 (5th Cir. 1998) (emphasis added). To satisfy the final prong regarding causation, the plaintiff "can meet his or her burden by putting forward circumstantial evidence of discrimination." *Ralser v. Winn Dixie Stores, Inc.*, No. 13-2799, 2015 U.S. Dist. LEXIS 121320, at *14 (E.D. La. Sep. 11, 2015). One type of circumstantial evidence is a defendant's deviation from established company policy. *Id.*

Defendants argue that Mr. Terrio's FMLA retaliation claims should be dismissed because "the temporal proximity between Plaintiff's last alleged FMLA-protected activity (approximately February-April 2018) and his termination (February 10, 2020)" is "too attenuated to create an

10

inference of retaliatory intent." R. Doc. 21-1 at 12-13. This blatantly misconstrues the third prong of Mr. Terrio's burden to establish a *prima facie* case for FMLA retaliation, which requires him to show "***either*** (3a) that [he] was treated less favorably than an employee who had not requested leave under the FMLA; ***or*** (3b) the adverse decision was made because of [his] request for leave." *Bocalbos v. Nat'l W. Life Ins. Co.*, 162 F.3d 379, 383 (5th Cir. 1998) (emphasis added).

Here, Mr. Terrio adequately pled his claims under prong 3(a), as he has identified employees who did not engage in FMLA-protected activity and were treated more favorably than Mr. Terrio under "nearly identical circumstances," *see Noakes v. Dep't of Homeland Sec.*, No. 22-213, 2022 U.S. Dist. LEXIS 186168, at *31 (E.D. La. Oct. 12, 2022). For example, Mr. Terrio alleged employees who did not require FMLA leave were treated far more favorably than him, including instances where Mr. Terrio received unwarranted discipline for identical conduct that employees who did not require FMLA leave engaged in were not disciplined for. *See* R. Doc. 20 at ¶¶ 51, 55, 75, 106. In contrast, Defendants willfully interfered with the rights of other employees who, like Mr. Terrio, requested FMLA leave. *See* R. Doc. 20 at ¶¶ 95, 106-107.

Further, Mr. Terrio pled sufficient facts to satisfy prong 3(b). Mr. Terrio does not have to show temporal proximity to succeed – that is just one method for proving causation. *See, e.g., Ralser v. Winn Dixie Stores, Inc.*, No. 13-2799, 2015 U.S. Dist. LEXIS 121320, at *14 (E.D. La. Sep. 11, 2015) ("When suspicious timing is insufficient to satisfy a plaintiff's prima facie case, the plaintiff can meet his or her burden by putting forward circumstantial evidence of discrimination. . . . [By including] evidence of employer's deviation from corporate policies [which is] sufficient to satisfy plaintiff's "burden of proving causation at this [*prima facie*] phase of the case"). Mr. Terrio pled that there is evidence based on Defendants' violation of their own policies. Defendant Janson imposed unwarranted discipline just days and weeks after Mr. Terrio requested to use his

approved FMLA leave, *see* R. Doc. 20 at ¶¶ 27 – 32, 35 – 46, 53 – 60, and 64 – 66, 69, 73, despite company policy which protects the right to take leave. Defendant Janson then relied on these prior incidents of unwarranted discipline to fire Mr. Terrio. *See* R. Doc. 20, ¶¶ 32 – 33, 41, 43, 89 – 95. Further, Defendant Janson also informed Mr. Terrio's supervisors that she wanted him to be fired. *See* R. Doc. 20 at ¶¶ 69, 71, and 77. *See Jackson v. BNSF Ry. Co.,* 751 F. App'x 509, 511 (5th Cir. 2018). Eventually, Defendants relied on these prior incidents of unwarranted discipline to fire Mr. Terrio. *See* R. Doc. 20, ¶¶ 88 – 89, 93 – 9.

Moreover, for a jury to find Defendants liable for FMLA retaliation against Mr. Terrio, he does not have to prove that his FMLA-protected activity is the ***only*** reason Defendants terminated his employment – or took any other adverse employment action against him – only that Defendants would not have taken such adverse employment actions "in the absence of [his] FMLA-protected activity." FIFTH CIR. PATTERN JURY INSTRUCTION (CIVIL CASES), § 11.21 at 268 (2020). This requires a showing only "that the protected activity and the adverse employment action are not completely unrelated." *Hester v. Bell-Textron, Inc.*, 11 F.4th 301, 305 (5th Cir. 2021) (quoting *Mauder v. Metro. Transit Auth. Of Harris Cnty., Tex.*, 446 F.3d 574, 583 (5th Cir. 2006)). As described above, Mr. Terrio has alleged facts that show that his termination was not completely unrelated to his taking FMLA leave and complaints that Defendants violated his rights under the FMLA. It would be premature to dismiss Mr. Terrio's FMLA retaliation claims at this early stage of litigation.

### 3. Mr. Terrio sufficiently pled a hostile work environment claim under the FMLA.

In a footnote, Defendants claim that Mr. Terrio cannot pursue a claim for a hostile work environment arising under the FMLA. Defendants do not argue that Mr. Terrio failed to properly plead any element of establishing a hostile work environment. R. Doc. 21-1 at 10, n. 20. The FMLA requires that employees be restored to having the same "benefits, . . . terms and conditions

of employment" after taking leave. 29 U.S.C. § 2614(a)(1). If an employer engages in severe or pervasive harassment to negatively alter the conditions of a returning employee's employment, that could change the terms and conditions of employment. For decades, the United States Supreme Court has recognized that a cause of action for a hostile work environment exists under Title VII based on the same language, that the law prohibits discrimination in the "terms, conditions, or privileges of employment[.]" *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 64 (1986). In *Flowers v. S. Reg'l Physician Servs.*, the Fifth Circuit determined that a cause of action for hostile work environment existed under both the ADA and Title VII because of the similarity in language and purpose of the statutes. 247 F.3d 229, 234-35 (5th Cir. 2001). Although the Fifth Circuit has yet to rule on this issue,[2] the same logic warrants a recognition of a hostile work environment claim under the FMLA.

Defendants further argue in their footnote, without explanation, that the hostile work environment claim under the FMLA is time barred. However, hostile work environment claims are not based on a discrete act, and instead, involve repeated conduct, so some acts may fall outside of the statutory period. *AMTRAK v. Morgan*, 536 U.S. 101 (2002). Therefore, since Defendants willfully subjected Mr. Terrio to a hostile work environment up to the date of his termination, he timely brought his FMLA hostile work environment claim when he filed suit within three years of his termination.

---

[2] Defendants cite to *Rodriguez v. Webb Hosp. Corp.*, 234 F. Supp. 3d 834, 842 (S.D. Tex. 2017) which cites *Smith–Schrenk v. Genon Energy Servs., L.L.C.*, 2015 WL 150727, at *4 (S.D. Tex. Jan. 12, 2015), for the proposition that that court could not find any case where a federal court has recognized a FMLA cause of action based on a hostile work environment. *Rodriguez*, 234 F. Supp. 3d 834 does not assert that no such claim exists, and points out that "even if such a claim is not recognized, if an "employer created the hostile work environment because the employee took FMLA leave, it can be relevant to determine whether a reasonable employee would be dissuaded from asserting FMLA rights[.]" Further, the case relied on by the court in *Rodriguez*, *Smith–Schrenk*, 2015 WL 150727, noted that it did not find a case recognizing that the FMLA allows for a hostile work environment claim, but then went on to address Plaintiff's hostile work environment claim on the merits.

### 4. It would be premature to dismiss Mr. Terrio's FMLA claims as untimely before discovery.

Plaintiff set forth sufficient detail in his 33-page First Amended Complaint to survive a motion to dismiss. *See generally* R. Doc. 20. However, even without such detailed allegations, granting Defendants' request for dismissal of Mr. Terrio's FMLA claims in their entirety based on the FMLA's general two-year statute of limitations would be premature at this early stage of litigation. Because the element of willfulness "is a question of fact," *Kiki Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 552 (5th Cir. 2009), district courts have consistently held that plaintiffs "are not required to prove willfulness without the benefit of discovery." *Albanil v. Coast 2 Coast, Inc.*, No. H-08-486, 2008 U.S. Dist. LEXIS 93035, at *25 (S.D. Tex. Nov. 17, 2008) (discussing the Fair Labor Standards Act's identical extended three-year statute of limitations for willful violations); *see also, e.g., Herster v. Bd. of Supervisors of La. State Univ.,* No. 13-139-JJB, 2013 U.S. Dist. LEXIS 77737, at *28 (M.D. La. June 3, 2013) ("The Court finds that at this early stage in the litigation, [plaintiff's] general allegations of the Defendants' state of mind suffice and the three-year prescriptive period applies."); *Rice v. Interactive Learning Sys.*, No. 3:07-CV-0725-G ECF, 2007 U.S. Dist. LEXIS 59043, at *5 (N.D. Tex. Aug. 10, 2007) ("[T]here is no affirmative duty on the plaintiffs to plead facts in their complaint necessary to defeat a statute of limitations defense. Because the limitations defense is not clear on the face of the complaint, the motion to dismiss is denied."). Additionally, district courts have found that general allegations regarding a defendant's willfulness are sufficient to apply the three-year statute of limitations for willful FMLA violations at the motion-to-dismiss stage because Fed. R. Civ. P 9(b) provides that the elements of "intent, knowledge, and other conditions of a person's mind may be alleged generally" in a plaintiff's pleading. *See Herster v. Bd. of Supervisors of La. State Univ.*, No. 13-139-JJB, 2013 U.S. Dist. LEXIS 77737, at *28 (M.D.

La. June 3, 2013) (denying Defendants' motion to dismiss before discovery because "general allegations of the Defendants' state of mind suffice and the three-year prescriptive period applies"). As such, Defendants' request that this Court dismiss Mr. Terrio's FMLA claims in their entirety should be denied because Defendants' willfulness, and the corresponding statute of limitations under the FLSA, is a factual issue requiring discovery.

Further, dismissal of Mr. Terrio's FMLA retaliation claims would be premature because "evaluating causation in retaliation cases is a 'highly fact specific' inquiry" that requires the trial court to weigh multiple factors "including temporal proximity between the FMLA leave and the adverse employment action, the employee's past disciplinary record, and whether the employer followed its usual procedures in carrying out the adverse employment action." *Perkins v. Child Care Assocs.*, 751 F. App'x 469, 474 (5th Cir. 2018); *see also Nowlin v. Resolution Tr. Corp.,* 33 F.3d 498, 508 (5th Cir. 1994) (because "causation is difficult to prove" as defendant employers "rarely leave concrete evidence of their retaliatory purposes and motives," courts may look to the "employee's past disciplinary record," "whether the employer followed its typical policy and procedures in terminating the employee," and "the temporal relationship between the employee's conduct and discharge" as "factors for guidance in determining causation"); *Schroeder v. Greater New Orleans Fed. Credit Union*, 664 F.3d 1016, 1024 (5th Cir. 2011) (same).

### B. Defendant Ann Janson Should Not Be Dismissed From This Action.

Defendant Ann Janson seeks to be dismissed from the instant action for a single reason: she argues that if all of Mr. Terrio's FMLA claims are dismissed, she "should be fully dismissed from this lawsuit" as well. R. Doc. 21-1 at 13. However, as described above, Defendants are not entitled to dismissal of Plaintiff's FMLA claims.

### C. All of Mr. Terrio's ADEA, Rehab Act, ADA, and FMLA Claims Referencing Unwarranted Discipline Were Properly Pled.

Defendants argue that Mr. Terrio's claims of unwarranted disciplined as a standalone adverse employment action under the Age Discrimination in Employment Act ("ADEA"), Rehabilitation Act ("RA"), Americans with Disabilities Act ("ADA"), and FMLA are time barred and do not rise to the level of adverse employment actions. R. Doc 21 at 14-15. Defendant does not make any other arguments for the dismissal of any claims pled under the ADEA, RA, or ADA.

Mr. Terrio does not allege that the unwarranted discipline he was subjected to constitutes a standalone adverse employment action under the ADEA, RA, or ADA. Instead, each of these causes of action specifically refers to "unwarranted discipline **and** termination," noting the connection between his termination (final discipline which was predicated on the prior unwarranted discipline). *See* R. Doc. 20 at p. 22, ¶ 114 (ADEA violations); p. 25, ¶ 104 (discrimination and failure to accommodate in violation of the Rehab Act); p. 26, ¶¶ 115 – 116 (retaliation under the Rehab Act); p. 28, ¶ 132 (ADA discrimination); and p. 29, ¶¶ 143-144 (ADA retaliation). *See Meisinger v. Wal-Mart Assocs.,* No. 5:17CV103-JRG-CMC, 2018 U.S. Dist. LEXIS 221806, at *48 – 50 (E.D. Tex. Aug. 1, 2018) (denying defendant's motion for summary judgment on plaintiff's FMLA retaliation claims because plaintiff alleged "discrepancies in the evidence as to the number of relevant occurrences [under defendant's attendance policies] at the time of Plaintiff's termination . . . [which] raises a genuine issue of material fact that retaliation—and not violation of Walmart's Attendance Policy—was the real reason for her termination"). Further, the unwarranted discipline prior to Mr. Terrio's termination is properly considered as a part of Mr. Terrio's hostile work environment claims because the unwarranted discipline constituted part of the hostile work environment. *See, e.g., Brooks v. Hous. Indep. Sch. Dist.*, 86 F. Supp. 3d 577, 586 (S.D. Tex. 2015) ("Disciplinary write-ups that are the basis for more serious consequences may be adverse employment actions."). Hostile work environment claims are not a

discrete act, and instead, involve repeated conduct, so some acts may fall outside of the statutory period. *AMTRAK v. Morgan*, 536 U.S. 101, 113, 122 S. Ct. 2061, 2072 (2002) (even if an alleged discrete instance of discrimination is untimely, Title VII does not "bar an employee from using the prior acts as background evidence in support of a timely claim"); *Konate v. Inter-Con Sec. Sys.*, No. 14-1636, 2014 U.S. Dist. LEXIS 158593, at *8-9 (E.D. La. Nov. 10, 2014) (denying defendant's motion to dismiss plaintiff's Title VII hostile work environment claim because, even though two alleged incidents occurring two years apart were "best characterized as discrete acts of discrimination . . . the Court need not decide at this stage of the proceedings whether the continuing violation doctrine applies because it appears that the two untimely incidents may be pursued as components of a hostile work environment claim").

### D.  Defendants Do Not Seek to Dismiss Most of Plaintiff's Claims

Defendants do not argue for the dismissal of most of Mr. Terrio's claims, including his claim for discrimination, hostile work environment and retaliatory termination arising under the Age Discrimination in Employment Act (Count 1) and discrimination, hostile work environment, failure to accommodate, and retaliatory termination claims under Section 504 of the Rehabilitation Act (Counts 2-3) and the Americans with Disabilities Act (Counts 4-5). Therefore, those claims should not be dismissed.

### IV.   CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants' Re-urged Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), R. Doc. 21, should be denied, or, in the alternative, Mr. Terrio should be permitted leave to amend his First Amended Complaint, R. Doc. 20, to correct any deficiencies.

Respectfully submitted,

/s/  Casey Denson
**Casey Rose Denson (La. #33363)**
cdenson@caseydensonlaw.com
**Justine G. Daniel (La. #36856)**
jdaniel@caseydensonlaw.com
**CASEY DENSON LAW, LLC**
4601 Dryades Street
New Orleans, LA 70115
Phone: (504) 224-0110
Fax: (504) 534-3380
*Attorneys for Plaintiff Wayne Michael Terrio*

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2023, a copy of the foregoing Memorandum in Opposition to Defendants' Re-urged Partial Motion to Dismiss was filed electronically with the Clerk of Court via the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/ Casey Denson
CASEY DENSON, ESQ.
*Attorney for Plaintiff Wayne Michael Terrio*